# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD RAY POLLARD,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | )   **CIVIL NO. 10-cv-143-DRH** |
| | ) |
| **W. A. SHERROD,** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Ronald Ray Pollard, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In this action, Pollard seeks early placement in a Residential Reentry Center ("RRC"), more commonly referred to as a halfway house.[1]

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Pollard is not entitled to relief and the petition must be dismissed.

---

[1] According to exhibits submitted with the petition, Pollard currently is scheduled for release to an RRC on October 25, 2010 (Doc. 1, p. 9).

Release to an RRC is governed, first, by 18 U.S.C. § 3624, which provides in pertinent part that

> [t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

The statute also provides that such placements be "conducted in a manner consistent with section 3621(b) of this title." 18 U.S.C. § 3624(c)(6)(A). Section 3621(b) specifies that the relevant factors to be considered in determining placement include the resources of the facility contemplated; the nature and circumstances of the offense; the history and characteristics of the prisoner; and any statement by the court that imposed the sentence.

Courts consistently have held that § 3624(c) does not create a protected liberty interest, and thus does not guarantee placement into community confinement for any federal prisoner. *Prows v. Federal Bureau of Prisons*, 981 F.2d 466 (10th Cir. 1992), *cert. denied*, 510 U.S. 830 (1993). *See also Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004); *United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991) ("Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society."). Thus, Pollard has no protected liberty interest in being transferred to an RRC at any time.

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:   August 10, 2010.**

/s/     DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**