IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD RAY POLLARD,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | )   Case No: **3:10-cv-00143-DRH-PMF** |
| | ) |
| **WARDEN JAMES CROSS,**[1] | ) |
| | ) |
| **Respondent.** | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Philip M. Frazier by United States District David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the disposition of Petitioner Ronald Ray Pollard's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  For the reasons set forth below, **IT IS RECOMMENDED** that Ronald Ray Pollard's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**, and that this matter be **DISMISSED WITH PREJUDICE**, without costs.

## FACTUAL BACKGROUND

Ronald Ray Pollard is a 39-year-old male incarcerated at the Federal Correctional Institution, Greenville, Illinois ("FCI Greenville").  He was convicted in the U.S. District Court for the Eastern District of Missouri for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(e).  On October 3, 1997, he was sentenced by U.S. District Judge Stohr to a sixteen year term of imprisonment and five years supervised release.  His projected

---

[1] James Cross is the current warden of the Federal Correctional Institution in Greenville, Illinois, and therefore, is "…the person who has custody over [Petitioner]…." 28 U.S.C. § 2242.  As such, Warden Cross should be substituted for Warden Sherrod as the named respondent in this case.

release date is April 20, 2011, via good conduct time release. *See Doc. 10, Exh. A*. In his Petition, Petitioner claims he should receive the full 12-month placement in a residential reentry center ("RRC") house as allowed under the Second Chance Act, and that he had been "…IMPERMISSIBLY DENIED HIS RIGHT TO BE CONSIDERED FOR A FULL YEAR OF HALFWAY HOUSE PLACEMENT…WITHOUT DUE CONSIDERATION OF THE FIVE FACTORS OUTLINED IN 18 U.S.C. §3621(B)." *Doc. 13, pg. 2*.

## APPLICABLE LEGAL STANDARDS

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of her confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3624(c) ("the Second Chance Act,") the Bureau of Prisons ("BOP") has the authority to place inmates in community confinement facilities during the final portion of their sentences for up to 12 months. Specifically:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility. *Id.*

The language of the Act clearly establishes that inmates are not entitled to the full 12 months of placement in a halfway house. Section 3624(c) requires only that "to the extent practicable," the BOP must allow an inmate to spend "a portion of the final months" of his term under conditions that will allow him to prepare and adjust for reentry into the community. *Id.*

The language is discretionary, and there is simply no guarantee to placement for the maximum amount of time available.

The amount of time to be allocated to each inmate is left to the considerable discretion of the BOP. *See Singleton v. Smith,* 2010 WL 744392, at *1 (C.D. Ill. Feb 26, 2010); *Pence v. Holinka*, 2009 WL 3241874, at *1 (W.D.Wis. Sept. 29, 2009); *Sessel v. Outlaw*, 2009 WL 1850331, at *4 (E.D.Ark. 2009); *Woods v. Wilson*, 2009 WL 2579241, at *2 (N.D.Ill. Aug. 19, 2009); *Daraio v. Lappin*, 2009 WL 303995, at *6 (D.Conn. Feb. 9, 2009) ("…the BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC…")

In exercising this discretion, the BOP must make its decision on an individual basis, and in a manner consistent with 18 U.S.C. § 3621(b), in order to "…provide the greatest likelihood of successful reintegration into the community…." 28 C.F.R. § 570.22. 18 U.S.C. § 3621(b) lists the following factors to be considered in the BOP's evaluation:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

"If the [BOP] considers the relevant factors in making its determination, a challenge…could not succeed unless the plaintiff could show that the decision was arbitrary, capricious, or otherwise an abuse of discretion, a difficult standard for the plaintiff to meet."

3

*Woods* at *2, *citing Tristano v. Federal Bureau of Prisons*, 2008 WL 3852699, at *1 (W.D.Wis. 2008).

## ANALYSIS

Petitioner, in his Reply Brief argues that he "…was not given good faith consideration underthe (sic) second chance act as set forth in the provisions." *Doc. 13, pg. 5*. As set forth in Respondent's Response, "Case Manager Stroud explains that petitioner's referral packet for RRC placement was prepared on February 20, 2010, and completed on March 8, 2010, allowing ample time for him to be designated to an RRC by the Unit Team's recommended date." *Doc. 10, pg. 4*. Further, the declaration of Case Manager Stroud indicates that the decision to give Petitioner less than 12 months of RRC placement was made after considering his "…documented family and community ties, financial resources, and general job skills." *Doc. 10, Exh. B*. The decision was also based on Petitioner's "…history of violence…and his 5 year period of supervised release to serve. *Id.* Finally, Petitioner stated that "…ALL EVIDENCE AND FROOF OF COMPLIANCE TO THE FIVE FACTORS OUTLINED IN TITLE 18 U.S.C. §3621(B)…ARE CONTAINED IN A DECLARATION OF PAMELA STROUD." *Doc. 13*, *pg. 2*. Petitioner, in this statement, seems to acknowledge that the BOP complied with the requirements of the Second Chance Act framework by providing an individualized analysis of Petitioner's particular circumstances, although Petitioner clearly disagrees with the Unit Team's ultimate conclusion that Petitioner was not entitled to more than 6 months in a RRC.

Based on the declaration of Case Manager Stroud, as well as the statements made by Petitioner in his Reply Brief, the record supports the conclusion that the BOP followed the provisions of 28 C.F.R. § 570.22, and considered the relevant factors in 18 U.S.C. § 3621(b) in making its assessment. It is not the role of this Court to conduct an independent review of the 28

U.S.C. § 3621(b) factors and make a *de novo* determination as to Petitioner's placement in a RRC. Rather, the BOP's decision is entitled to deference so long as it is not arbitrary, lacking any rational basis, or otherwise contrary to the requirements of the statute. Petitioner has not shown that the BOP's decision in his case implicates any of these concerns.

Furthermore, even if this Court were to determine that the BOP's decision was arbitrary, lacking any rational basis, or otherwise contrary to the requirements of the statute, it does not appear that it would be able to order immediate RRC placement, but rather, would merely direct the BOP to reconsider its decision in light of the Second Chance Act's requirements. *See, e.g., Michael v. Shartle*, 2010 WL 2817223, *3 (N.D.Ohio, July 16, 2010) ("This Court does not have the authority to decide RRC placement, a decision that is discretionary. At best, the Court could order the BOP officials to consider Michael for placement"). Petitioner is scheduled for release to an RRC on October 25, 2010. *Doc. 10, Exh. B.* Given the Court's recommended disposition in this Report, Petitioner will likely file written objections pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b). Even if the Court were able to rule on those objections before October 25, 2010, there would likely be little time for the BOP to reconsider Petitioner's circumstances because his case would become moot once released to an RRC.

## RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Ronald Ray Pollard's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**, and that this matter be **DISMISSED WITH PREJUDICE**, without costs.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report

and Recommendation before either the District Court or Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**SO RECOMMENDED.**

**DATED: October 1, 2010.**

                                        */s/ Philip M. Frazier*
                                        **HON. PHILIP M. FRAZIER**
                                        **UNITED STATES MAGISTRATE JUDGE**